**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq. (SBN: 292525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Heath Sanders

## UNITED STATES DISTRCT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HEATH SANDERS,**<br><br>Plaintiff,<br><br>v.<br><br>**MIDLAND FUNDING LLC,**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff HEATH SANDERS ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant MIDLAND FUNDING LLC ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and, 15 U.S.C. § 1692(k).

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Atascadero, County of San Luis Obispo, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business in this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person who resides in the County of San Luis Obispo, State of California.

12. Defendant is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the City of San Diego, State of California.

13. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff is an individual residing within the State of California.

COMPLAINT FOR DAMAGES   PAGE 2 OF 6

16. At all times relevant, Defendant conducted business in the State of California.
17. In 2004, Plaintiff allegedly incurred financial obligations for certain personal expenses to the original creditor, Wells Fargo Bank, N.A. ("Wells Fargo").
18. These alleged financial obligations were for personal, family or household purposes, and therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).
19. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff disputes the validity of Plaintiff's alleged debt.
20. Following Plaintiff's alleged delinquency, Wells Fargo charged off Plaintiff's alleged debt on August 31, 2009. Plaintiff made no further payments to Wells Fargo, or any other third-party entity acting on Wells Fargo's behalf, after this date.
21. Pursuant to California Code of Civil Procedure § 337, a claim based upon a breach of a written contract is subject to a four-year statute of limitations. Under California law, "a cause of action based upon a breach of contract accrues at the time of the breach." *Rice v. U.S. Bank Nat'l Ass'n*, 2012 U.S. Dist. LEXIS 189864, at *24 (C.D. Cal. Jan. 23, 2012) citing to *E.O.C. Ord., Inc. v. Kovakovich*, 200 Cal. App. 3d 1194 (1988).
22. Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.
23. In furtherance of Defendant's collection actions, Defendant lodged a lawsuit in the San Luis Obispo Superior Court entitled *Midland Funding LLC v. Heath Sanders; and DOES 1 through 10, inclusive*, court case no.: 14LC-0471 on June 12, 2014 (the "Collection Action"), more than one year after the applicable Statute of Limitations ran.
24. Thereafter, Plaintiff retained Plaintiff's current counsel to defend Plaintiff in the collection action.

25. Throughout the course of the litigation in the Collection Action, Defendant repeatedly took action in furtherance of Defendant's attempts to collect Plaintiff's alleged debt through litigation after the Statute of Limitations expired. Said attempts include propounding discovery on January 27, 2015; responding to Plaintiff's Bill of Particulars request on January 30, 2015; responding to Plaintiff's discovery requests on February 20, 2015; and, Stipulating to Continue Trial on August 5, 2015.

26. Upon receipt of Defendant's discovery responses on or about February 20, 2015, Plaintiff discovered for the first time that Plaintiff's last payment was on August 31, 2009.

27. Since this date of final payment meant that Defendant lodged the Collection Action outside the Statute of Limitations, Plaintiff's counsel met and conferred with defense counsel via written communication dated February 27, 2015 and requested Defendant provide evidence contradicting this fact.

28. On March 11, 2015, Defendant responded to this letter with unsubstantiated statements alleging a payment was made in 2011 but confirming that no documents or evidence of any kind supported Defendant's contention.

29. Despite being informed that Defendant brought the Collection Action outside the Statute of Limitations, Defendant continued to litigate the Collection Action until September 14, 2015, the day of trial.

30. On September 14, 2015, Defendant made one last attempt to collect Plaintiff's alleged debt prior to trial. When Plaintiff rejected said collection attempt, Defendant dismissed the Collection Action without prejudice.

31. For the reasons discussed below, Defendant's conduct of filing and maintaining the Collection Action after the Statute of Limitations expired violates many provisions of the FDCPA.

32. In addition, Plaintiff discovered these violations upon receipt of Defendant's discovery responses on or about February 20, 2015.

**COMPLAINT FOR DAMAGES** PAGE 4 OF 6

33. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff in connection with Plaintiff's alleged debt.

34. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debts.

35. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation concerning the character, amount, or legal status of a debt.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant.

37. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debts.

38. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debts.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692-1692(p) (FDCPA)**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

///

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and,
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 2, 2015                                    Respectfully submitted,

                                                  **KAZEROUNI LAW GROUP, APC**

                                                  By:  /s/ Matthew M. Loker
                                                         MATTHEW M. LOKER, ESQ.
                                                         ATTORNEY FOR PLAINTIFF